Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3876 | **DATE** | 1/25/2001 |
| **CASE TITLE** | Daisy Simas vs. Citicorp Investment Services | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Respondent Citicorp's motion (Doc 12-1) to dismiss is granted. Respondents oral motion to strike Nancy Balcer from any party status is granted. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 JAN 25 PM 3: 02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAISY SIMAS,  )
 )
          Petitioner,  )
 )
vs.  )  00 C 3876
 )
NANCY BALCER and CITICORP  )
INVESTMENT SERVICES,  )
 )
          Respondents.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Respondents Nancy Balcer and Citicorp Investment Services to dismiss Daisy Simas' petition to vacate the arbitration award. For the reasons set forth below, we grant Respondents' motion.

## BACKGROUND

Pro se Petitioner Daisy Simas opened a brokerage account with Respondent Citicorp Investment Services ("Citicorp") on December 28, 1998. Respondent Nancy Balcer, a Citicorp Investment Consultant, helped Simas to execute the forms required to open the account. According to Simas' arbitration complaint, Simas made various limit order trades during the month of January 1999. Then on February 4, 1999, Simas sought to purchase shares of Perot Systems but was unable to access her account. She

called Balcer and informed her that she wanted to buy 1000 shares of Perot Systems at a price between $68 and $69. Simas allegedly asked Balcer for a price quote but Balcer was unable to provide one because her computer system was not functioning. Simas claims that Balcer then asked Simas if she wanted to place a market order, and Simas responded that she did not.

Nevertheless, Simas claims, Balcer proceeded to place a market order from Simas' account for 1000 shares of Perot Systems. The order was filled at $85. Upon learning of the market order purchase, Simas allegedly sought to re-sell the stock at the purchase price of $85 per share. By the time Simas' stock was sold on February 10, 1999, however, the stock price had fallen to $44.

Pursuant to an agreement between the parties, Simas initiated arbitration against Citicorp before the National Association of Securities Dealers ("NASD"). Her claim alleged, *inter alia*, causes of action for negligence, breach of contract, and breach of fiduciary duty and sought damages for monies lost due to Simas' inability to access her brokerage account on February 4, 1999 and Citicorp's alleged unauthorized and untimely purchase of the Perot Systems stock. Simas sought $56,000.00 in compensatory damages and $44,000.00 in punitive damages, plus interest, costs and fees.

Hearings were held before a panel of NASD arbitrators in May 2000. On May 26, 2000, the panel issued a decision finding Citicorp liable and ordering it to pay

Simas the sum of $17,039.90 in compensatory damages. On June 23, 2000, Simas filed with this Court a motion to vacate the arbitration award pursuant to Procedural Rule 9310 of the NASD Code of Procedure "on the grounds of 'imperfections, **ambiguities**, or mistakes' on the face of the award." Citicorp and Balcer, both of whom were named as Respondents in Simas' petition, have moved to dismiss the petition to vacate the award.

## LEGAL STANDARD

"Litigants attempting to overturn an arbitrator's award face a daunting challenge." ANR Advance Transportation Co. v. Int'l Brotherhood of Teamsters, Local 710, 153 F.3d 774, 777 (7th Cir. 1998). "[A]rbitrators' errors – even clear or gross errors – do not authorize courts to annul awards." Widell v. Wolf et al., 43 F.3d 1150, 1151 (7th Cir. 1994) (citation omitted). This limited standard of review is necessary to preserve the "benefits of reduced delay and expense" sought to be achieved by arbitration. Eljer Mfg., Inc. v. Kowin Dev. Corp., 14 F.3d 1250, 1254 (7th Cir. 1994).

Pursuant to Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 10(a), the Court may order an arbitration award vacated where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in one or more of the arbitrators; (3) the arbitrators were guilty of misconduct by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers,

- 3 -

or so imperfectly executed them that a mutual, final, and definite award on the subject matter submitted was not made. 9 U.S.C. § 10(a)(1)-(4). Furthermore, while federal courts will not vacate an arbitration award merely because the arbitrator misinterpreted applicable law, Nat'l Wrecking Co. v. International Bhd. Of Teamsters, Local 731, 990 F.2d 957, 961 (7th Cir. 1993), an arbitrator's "manifest disregard for the applicable law" may be grounds for vacating an arbitration award. Id.; First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942, 131 L.Ed.2d 985, 115 S.Ct. 1920 (1995). The petitioner has the burden of demonstrating the existence of a valid ground for vacating the award. Wilson v. Sterling Foster Co., No. 98 C 2733, 1998 WL 7490065, at *2 (N.D. Ill. Oct. 15, 1998).

With these principles in mind, we turn to the motion before us.

## DISCUSSION

### I. Proper parties

The parties agree that Nancy Balcer was never a party to the challenged NASD arbitration and that Simas' petition to vacate was never served upon her. Indeed, Simas admits in her response to the motion to dismiss that Balcer is not a proper respondent in the action. The petition to vacate is therefore dismissed as to Respondent Balcer.

### II. NASD Rule 9310

Simas' petition is ostensibly brought pursuant to Rule 9310 of the NASD Regulation, Inc. Code of Procedure. Rule 9310, a self-regulatory rule applicable only

- 4 -

to disciplinary actions brought by the NASD National Business Conduct Committee against NASD members, has no application in this Court. Simas' "appeal" under Rule 9310 is therefore not properly filed in this Court. Nevertheless, because Simas is *pro se*, we construe her petition as one brought pursuant to Section 10 of the Federal Arbirtration Act and proceed to address her arguments on the merits. See Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999) (pro se complaint held to "less stringent standards than formal pleadings drafted by lawyers").

### III. Petition to vacate the arbitration award

Simas' petition alleges that the May 26, 2000 arbitration award ordering Citicorp to pay her compensatory damages in the amount of $17,039.90 (the "Award") should be vacated "on the grounds of 'imperfections, **ambiguities**, or mistakes' on the face of the award." In particular, Simas asserts that the Award was minimal in light of the alleged damages of $76,000.00; that she was unable to access her account for 4 days; and that Citicorp bought the stock at issue at its highest price of $85, which Simas could not afford, while Simas originally sought to buy it at $33.75.

These allegations are insufficient to support the petition under §10 of the FAA.

There is no allegation of fraud, partiality, or misconduct, and no allegation that the arbitrators exceeded their powers or executed them so as to undermine the legitimacy of the award. Nor does Simas allege that the arbitrators "deliberately disregarded what [they] knew to be the law." Flexible Mfg. Sys. V. Super Products

- 5 -

Corp., 86 F.3d 96, 100 (7th Cir. 1996). Instead, Simas merely asks the Court to evaluate the merits of the Award. This we are not authorized to do under the Federal Arbitration Act or relevant case law.

Although Simas is disappointed with the amount of the Award, a discrepancy between the damages awarded and the damages alleged is not a basis to vacate the Award. See Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000). We therefore hold that Simas has failed to allege sufficient grounds to support her petition to vacate the Award, and grant Respondents' motion to dismiss the petition.

## CONCLUSION

For the foregoing reasons, Respondent Citicorp's motion to dismiss is granted in its entirety.

Charles P. Kocoras
United States District Judge

Dated: January 25, 2001